```
                                                        CLERK'S OFFICE U.S. DIST. COURT
                                                              AT ROANOKE, VA
                                                                   FILED
            IN THE UNITED STATES DISTRICT COURT               AUG 2 2 2006
            FOR THE WESTERN DISTRICT OF VIRGINIA
                      ROANOKE DIVISION                     JOHN F. CORCORAN, CLERK
                                                         BY:
                                                              DEPUTY CLERK
```

TOMMY PABELLON, )
    Petitioner, ) Civil Action No. 7:06cv00491
)
v. ) **MEMORANDUM OPINION**
)
TERRY O'BRIAN, WARDEN ) By: Samuel G. Wilson
    Respondent. ) United States District Judge

    Petitioner Tommy Pabellon, a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Pabellon was convicted in the United States District Court of South Carolina on two counts of aiding and abetting in the murder of a witness to prevent testimony, and was sentenced to life. Pabellon now alleges that his conviction is unconstitutional under Crawford v. Washington, 541 U.S. 36 (2004).

    Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence,[1] unless a petition pursuant to 28 U.S.C. § 2255 is "inadequate and ineffective" for those purposes. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id.

---

[1] See U.S. v. Little, 392 F.3d 671, (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241.").
    "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d at 332 (citing 28 U.S.C. § 2241(a)).

The Supreme Court's <u>Crawford</u> decision did not render legal the conduct for which Pabellon was convicted; therefore, he may not resort to § 2241. Accordingly, the court dismisses Pabellon's § 2241 petition.

**ENTER**: This 22nd day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE